PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PREMIUM BALLOON ACCESSORIES, INC., | ) ) ) | CASE NO. 5:11CV00615 |
| Plaintiff, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| CREATIVE BALLOONS MFG., INC., | ) ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** (Resolving ECF No. 4) |

Before the Court is Defendant Creative Balloons Mfg. Inc.'s ("Defendant") Motion to Dismiss Plaintiff's False Patent Marking claim on the ground that the *qui tam* provision of 35 U.S.C. § 292(b) is unconstitutional. ECF No. 4.

For the reasons below, Defendant's motion is moot.

**I.**

Plaintiff Premium Balloon Accessories, Inc. ("Plaintiff") filed a two-count Complaint against Defendant alleging False Patent Marking (Count I) and Unfair Competition (Count II). ECF No. 1. In Count I, Plaintiff alleges, as a *qui tam* relator, that Defendant violated 35 U.S.C. § 292(b) by both (1) marking a series of Defendant's E-Z Balloon Kit, E-Z Safety Seal Valve product and "Big Barrel" E-Z Safety Seal Valve with United States Patent No. 4,167,204 (the "'204 patent") and (2) using the '204 patent in advertising, even though the '204 patent is

(5:11CV00615)

unrelated and expired on September 11, 1997.[1] ECF No. 1 at 2-5.

Invoking Fed. R. Civ. P. 12(b)(6), Defendant filed a Motion to Dismiss Plaintiff's Count I *qui tam* action alleging that the False Marking Statute, 35 U.S.C. § 292(b), is unconstitutional. ECF No. 4 at 3. Nearly six months after Defendant moved to dismiss, the *qui tam* provision at issue in Count I was stricken from 35 U.S.C. § 292. Recently, while reviewing the appeal of a different case, the Federal Circuit addressed the amendment to 35 U.S.C. § 292 stating:

> On September 16, 2011, the President signed into law the Leahy-Smith America Invents Act, H.R. 1249, 112th Cong. (1st Sess.2011), amending 35 U.S.C. § 292 to eliminate the *qui tam* provision on which this action was predicated. This act included the following text regarding the effective date of this provision: 'The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act.' Leahy-Smith America Invents Act, Pub.L. No. 112-29 § 16(b)(4), 125 Stat. 284, 329 (2011) ('the Act').

*Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.* No. 2011-1254, -1284, slip op. at 2 (Fed. Cir. Jan. 18, 2012).

## II.

Defendant filed its motion to dismiss Count I in addition to filing an answer responsive to both Counts I and II of the Complaint. ECF Nos. 4; 5.

Rule 12(b)(6) directs that motions seeking dismissal for failure to state a claim for which relief can be granted be made *before*[2] a responsive pleading is filed. A motion to dismiss for

---

[1] Plaintiff alleges that the '204 patent is unrelated because it is directed to an "Apparatus for Inflating Toy Balloons." ECF No. 1 at 3, ¶ 14.

[2] Technically the motion was filed approximately 9 minutes before the Complaint, 7:37 pm. v. 7:46 pm. This technicality has no true effect and the Court doubts that Defense counsel thought it would. Important, however, is the overarching goal of Rule 12(b)(6)–to permit certain

2

(5:11CV00615)

failure to state a claim that is styled as a motion arising before pleadings are closed, *e.g.* 12(b)(6), but filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c).  *See* Fed. R. Civ. P. 12(h)(2); *Lindsay v. Yates*, 498 F.3d 434, 436 fn. 4 (6th Cir. 2007).  Accordingly, Defendant's motion will be considered as proceeding under Rule 12(c).

A motion under Rule 12(c) is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss.  *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).  The district court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir.2007).  The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id*. at 336.  To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id*.

This lesson in civil procedure is purely academic given that the legal authority upon which Count I was based no longer exists.  Section 392's *qui tam* provision was eliminated by the President on September 16, 2011.  It no longer exists.  Therefore, Defendant's motion is moot.  And, Count I is stricken without prejudice to refiling with valid supporting legal authority.

---

defenses to be asserted by motion *before* a responsive pleading is filed.  Serving a Rule 12(b)(6) along with an Answer responsive to both Counts I and II is improper.  The Rule 12(b)(6) will be considered a Rule 12(c).

3

(5:11CV00615)

### III.

In accordance with the above, due to the amendment to 35 U.S.C. § 292 which eliminated the *qui tam* provision, Defendant's Motion to Dismiss is moot. ECF No. 4. Count I is stricken.

This case will proceed as to Count II only.

IT IS SO ORDERED.

| | |
|---|---|
| February 10, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |