PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PREMIUM BALLOON ACCESSORIES,       )
INC.,                              )          CASE NO.      1:10cv979
                                   )                        5:11cv615
          Plaintiff,               )
                                   )          JUDGE BENITA Y. PEARSON
     v.                            )
                                   )
CREATIVE BALLOONS MFG., INC.,      )          **MEMORANDUM OF OPINION AND**
                                   )          **ORDER** [Regarding ECF Nos. 59; 61; 66;
          Defendant.               )          69]


     This action is before the Court upon the Motion to Alter or Amend Judgment or, in the

alternative, Motion for Relief from Order pursuant to Fed. R. Civ. P. 59(e) filed by Defendant

Creative Balloon on October 31, 2011.  ECF No. 59.  The Court has viewed the memorandum in

support (ECF No. 59), the memorandum in opposition (ECF No. 60) and the reply memorandum

(ECF No. 62).  Also before the Court are:  1) the Motion for Permanent Injunction filed by

Plaintiff Premium Balloon Accessories ("PBA") (ECF No. 61) and CBM's response (ECF No.

63); 2) PBA's Motion for Conference/Hearing on the Issues of Damages and Attorney's Fees

(ECF No. 66), CBM's response (ECF No. 67) and PBA's reply (ECF No. 68); and PBA's

Motion for Status Conference (ECF No. 69) and CBM's response (ECF No. 71).

### I. Background

     This case was initiated by Plaintiff Premium Balloon Accessories ("PBA") against

Defendant Creative Balloons Manufacturing, Inc. ("CBM"), claiming trade dress infringement

(1:10cv979)

and breach of a Settlement Agreement.  ECF No. 1 at 4-5.  CBM filed an Answer and alleged

four Counterclaims.[1]  ECF No. 5 at 7-12.

Pursuant to Fed. R. Civ. P. 56(c), PBA and CBM each sought summary judgment on the

claims for trade dress infringement and breach of the Settlement Agreement; PBA additionally

motioned for summary judgment on CBM's Counterclaims.  ECF Nos. 36; 38.  On September

30, 2011 the Court issued a Memorandum of Opinion and Order that dispensed with the

summary judgment motions finding in CBM's favor on the breach of Settlement Agreement

claim; against PBA on the Settlement Agreement Counterclaim; and finding in favor of PBA on

the trade dress infringement claim.

After the Court issued its Order, CBM filed a motion to alter or amend judgment based

upon its belief that factual errors appeared in the Order and that the Court's ruling results in an

error of law.  ECF No. 59 at 1.  Shortly thereafter, PBA filed  motions for a permanent injunction

(ECF No. 61) and a status conference on the issue of damages and attorney's fees (ECF No. 66).

Recently, PBA filed a motion for a joint status conference addressing the instant case

(ECF No. 69) and a companion case, *Premium Balloon Accessories v. Creative Balloon Mfg*.  In

its motion, PBA requests that the Court require the presence of counsel and parties of both cases.

CBM objected to the status conference to the extent the motion asked for parties to be present in

person.  ECF No. 71 at 1.

---

[1]  On March 21, 2011 the Court, as a consequence of Oral Argument, granted CBM's
motion for partial dismissal of its Third and Fourth Counterclaims with prejudice.

2

(1:10cv979)

## II.  Correcting Factual Errors

CBM motions the Court to alter or amend its judgment pursuant to Fed. R. Civ. Pro. 59(e) asserting that factual errors and clear errors of law exist in the Court's Order (ECF No. 58). ECF No. 59 at 2.

The authority to reconsider denial before final judgment has been entered is well established.  *E.g.*, Fed.R.Civ.Pro. 54(b); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("[a] court has the power to revisit prior decisions of its own ... in any circumstance.").  While a motion for reconsideration or to alter or amend judgment should not be used to re-litigate issues previously considered, courts traditionally will find justification for reconsidering interlocutory orders when there is: 1) an intervening change of controlling law; 2) new evidence; or 3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. App'x. 949, 959 (6th Cir. 2004) (unpublished disposition) (citing *Reich v. Hall Holding Co.*, 990 F.Supp. 955, 965 (N.D.Ohio 1998)).  Here, it appears that the alleged factual errors in the Court's Order may necessitate revisiting the Order.

In its Memorandum of Opinion and Order, the Court stated, "CBM maintains...the subject of the 1999 Complaint includes the eight gram star-shaped balloon weight, not the heavier star-shaped weight.  ECF No. 36 at 26."  ECF No. 58 at 7.  CBM points out that it argued the 1999 Complaint and Settlement Agreement did not limit the four shapes identified in the Complaint and Settlement Agreement to any thickness or weight.  ECF Nos. 38-1 at 9; 13-4; 45 at 20-23; 48 at 2-4.  Furthermore, CBM asserts that it did not argue the 100 gram star shaped weight was the

3

(1:10cv979)

subject of the 1999 Complaint, but that other 100 gram weights manufactured by CBM at the time of the agreement were.  ECF No. 59 at 3.

CBM also points out the Court stated that, "[i]n 2000, the parties' Settlement Agreement: (1) established that PBA had a trade dress in the balloon weights at issue in the 1999 Complaint..."  ECF No. 58 at 8.  CBM urges that the execution of the Settlement Agreement did not establish *per se* that PBA had any trade dress in its balloon weights and whether the balloon weights are entitled to trade dress is a separate legal inquiry.  ECF No. 59 at 2.  Furthermore, CBM maintains it "has never acknowledged that PBA had any trade dress rights in its balloon weights."  ECF No. 59 at 2.

PBA does not appear to dispute CBM's alleged errors or proposed corrections.  The record before the Court appears to support CBM's assertions.  The Court, therefore, is inclined to correct the facts to reflect the following:

1.  CBM argued in its motion for summary judgment that the 1999 Complaint and Settlement Agreement did not limit the four shapes identified in the Complaint or agreement to any size or weight;

2.  The execution of the Settlement Agreement did not establish *per se* that PBA had trade dress rights in the balloon weights at issue in the 1999 Complaint; and

3.  CBM did not argue the 100 gram star shaped weights were the subject of the 1999 Complaint, but rather that the other 100 gram weights manufactured by CBM at that time were the subject of the 1999 Complaint and Settlement Agreement.

The Court will address these matters during the conference scheduled, *infra*.

4

(1:10cv979)

### III.  The Remaining Motions

As indicated above, PBA filed a motion for a joint status conference in the instant action (ECF No. 69) as well as in the companion case *Premium Balloon Accessories v. Creative Balloon Mfg.*, Case No. 5:11-cv-615 (ECF No. 11).  PBA asks the Court to hold a status conference with counsel and parties present to discuss the pending motions in the instant case that arose from the Court's Order (ECF No. 58):  CBM's motion to alter/amend judgment (ECF No. 59); and PBA's motions for permanent injunction and status conference on the issue of damages and attorney's fees (ECF Nos. 61; 66).

The Court grants PBA's motion for a status conference (ECF No. 69).  Counsel and parties are expected to be fully prepared to discuss in detail the issues raised in all outstanding motions.  To that end, regarding CBM's motion to alter/amend judgment, counsel should be prepared to discuss functionality and the rule established in *General Motors* and the applicability of that rule to the instant case.[2]  Counsel is also advised that the Court is disinclined to strike Michael Isaacs' declaration (ECF No. 44-9), executed on January 7, 2011, given that no formal motion to do so was timely filed or ruled upon.  Additionally, counsel should be prepared to inform the Court if they are still relying upon the licensee estoppel theory.

---

[2]  Neither party relied upon *General Motors* in their pleadings for the rule it established requiring a plaintiff to list discrete elements of its purported trade dress.  The Court has independently determined that the discrete element rule the Sixth Circuit adopted in *General Motors* may apply in the instant case.

5

(1:10cv979)

Further, while the Court acknowledges that there may be alternative interpretations of the Settlement Agreement given its problematic wording, the Court finds CBM's proposed interpretation of that agreement to be no more exacting than that posited by the Court. CBM's counsel is reminded that the Court's denial PBA's motion for summary judgment on the "Settlement Agreement" Counterclaim does not necessarily mean that the Court finds in CBM's favor on that Counterclaim. For this reason, among others, the Court is disinclined to grant the balance of CBM's motion to alter/amend judgment.

The recurring vagaries and inconsistencies entrenched in the instant controversy as well as the parties' briefs and arguments encourages the belief that the instant action may be ripe for settlement. Counsel and parties should appear prepared to pursue that opportunity for both cases.

### IV. Conclusion

The Court grants PBA's motion for a joint status conference in the instant action (ECF No. 69) as well as the companion case *Premium Balloon Accessories v. Creative Balloon Mfg.*, Case No. 1:10-cv-979 (ECF No. 11). The Court requires the attendance of counsel and parties with full settlement authority. If lead counsel deems it necessary and prudent, a party may attend *via* telephone, during the entirety of the conference at no cost to the Court.

If a matter does not settle, counsel and parties should be prepared to establish case management dates going forward in both matters.

CBM's motion to alter or amend judgment (ECF No. 59), PBA's motions for permanent injunction (ECF No. 61) and status conference on the issues of damages and attorney awards (ECF No 66) are administratively terminated, with the understanding these matters will be finally

6

(1:10cv979)

addressed during the status conference.

      The status conference will take place October 5, 2012 at 2:00 pm.


      IT IS SO ORDERED.


  September 26, 2012                        */s/ Benita Y. Pearson*
Date                                 Benita Y. Pearson
                                      United States District Judge